IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

COLIN HABRAM,

                             Plaintiff,

  v.                                                        OPINION and ORDER

JOSHUA MELNICK and MELISSA POLLESCH,                24-cv-733-jdp

                             Defendants.

---

Plaintiff Colin Habram, proceeding without counsel, is a prisoner at Fox Lake Correctional Institution. Habram alleges that defendant Joshua Melnick subjected him to constant sexual harassment and that defendant Melissa Pollesch failed to intervene after Habram complained to her about it. I granted Habram leave to proceed on claims under the First and Eighth Amendments and under Wisconsin-law negligence and intentional-infliction-of-emotional-distress theories. Dkt. 6.

Defendants move for partial summary judgment, contending that Habram failed to exhaust his administrative remedies for his First Amendment retaliation claim against Melnick. Dkt. 13. For the reasons stated below, I will grant defendants' motion and dismiss the retaliation claim against Melnick.

ANALYSIS

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about "prison conditions." 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which

includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025.

To exhaust administrative remedies in Wisconsin, inmates ordinarily must follow the Inmate Complaint Review System (ICRS) process as set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by defendants. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

Defendants move for summary judgment on Habram's First Amendment retaliation claim against Melnick. (They do not move for summary judgment on Habram's other claims regarding Melnick's alleged pervasive harassment). The basis for that claim is Habram's allegation that Melnick's sexual harassment got worse after Habram reported it to defendant Pollesch in February or March 2022. Dkt. 6, at 2, 4. Defendants argue that Habram's two grievances about Melnick's harassment, FLCI-2022-9554 and FLCI-2023-8851, didn't raise the issue of Melnick's retaliation. *See* Dkt. 15-2 and Dkt. 15-3.

In the absence of particular grievance rules mandating more, inmates usually do not have to plead legal theories in their grievances. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004). But a prisoner must still "provide[] notice to the prison of 'the nature of the wrong for which redress is sought.'" *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)). I have concluded that "'[i]f the grievance concerns alleged retaliation, then at a minimum it must identify two things: the protected

2

conduct that provoked the retaliation and the retaliatory act.'" *Lockett v. Goff*, No. 17-cv-93-jdp, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) (quoting *Sheahan v. Suliene*, No. 12-cv-433-bbc, at *3–4 (W.D. Wis. May 24, 2013)).

Habram concedes that his grievances about Melnick's harassment do not suggest that the harassment got worse because of Habram's complaint to Pollesch. So applying *Lockett*, I conclude that Habram's grievances didn't exhaust his retaliation claim.

Habram instead argues that the grievance system wasn't available to him because he feared reprisal from Melnick if he complained. In support of this argument, he cites *Sodemann v. Melnick*, No. 22-cv-374-wmc, 2024 WL 2110140 (W.D. Wis. May 10, 2024), in which this court denied an exhaustion-based summary judgment motion regarding similar claims against defendant Melnick because the plaintiff argued that Melnick's threats and harassment kept the plaintiff from filing a grievance about certain of Melnick's actions.

But the facts of *Sodemann* are different from the facts here. Habram's argument that the grievance system was unavailable to him is directly contradicted by the fact that he did file two grievances about Melnick's harassment after the retaliatory harassment started in February or March 2022. Habram filed the '9554 grievance in June 2022 and he filed the '8851 grievance in June 2023. So I reject his argument that the grievance system was unavailable to him, and I conclude that he failed to exhaust the retaliation claim against Melnick. I will grant defendants' motion for partial summary judgment. Habram's other claims remain in the case.

ORDER

IT IS ORDERED that defendants' motion for partial summary judgment on exhaustion grounds, Dkt. 13, is GRANTED.

Entered October 29, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge